IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
         v.                 )        2:25cr611-MHT
                            )           (WO)
MICKEY PAUL FERRELL         )
```

OPINION AND ORDER

This case is before the court on defendant Mickey Paul Ferrell's unopposed oral motion to continue trial (Doc. 45), made in an on-the-record hearing on April 20, 2026. For the reasons set forth below, the court finds that the jury selection and trial now set for May 11, 2026, should be continued pursuant to 18 U.S.C. § 3161(h)(1)(A).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

"In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period "[a]ny period of delay ... resulting from any proceeding, including any examinations, to determine the mental competency ... of the defendant." § 3161(h)(1)(A).  This exclusion may be applied to the time associated with obtaining a psychiatric examination related to an insanity defense.  *See United States v. Thigpen*, 4 F.3d 1573, 1579 n.5 (11th Cir. 1993)).

The Act also excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).  In granting a continuance on this ground, the court may consider, among other factors,

2

whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

Here, Ferrell has filed a notice of his intent to pursue an insanity defense. As a result, the government requested that a psychiatric or psychological examination be conducted to help determine his sanity at the time of the offense. At the hearing on the government's motion, the parties agreed that Ferrell should be placed in the custody of the appropriate Bureau of Prisons facility for this examination. The court granted the government's motion. Additional time is, therefore, necessary so that the mental examination may be conducted. As stated, the time associated with the completion of the examination is excluded from the Act.

In addition, a continuance is necessary to ensure that both parties have sufficient time either to prepare effectively for a trial or to resolve the case by a plea.

3

The court, therefore, concludes that, for all of the above reasons, the ends of justice served by granting a continuance outweigh the interest of the public and Ferrell in a speedy trial.

*** 

Accordingly, it is ORDERED as follows:

(1) The unopposed oral motion to continue trial (Doc. 45) is granted.

(2) The jury selection and trial, now set for May 11, 2026, at 10:00 a.m., are continued generally pending the completion of the sanity evaluation.

The United States Magistrate Judge shall reset the deadline for change of plea and other pretrial deadlines if appropriate.

DONE, this the 22nd day of April, 2026.

 /s/ Myron H. Thompson  
UNITED STATES DISTRICT JUDGE

4