IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )       CRIMINAL ACTION NO.
     v.                     )          2:25cr611-MHT
                            )             (WO)
MICKEY PAUL FERRELL         )
```

### OPINION AND ORDER

Due to the nature of the offense alleged in this case, the court sua sponte raised the question of whether defendant Mickey Paul Ferrell is mentally competent to stand trial.  The court set a status conference for April 20, 2026, to discuss the competency issue.  It also ordered the parties to submit reports ahead of the conference explaining their positions on how to proceed on the issue.  Based on the submissions of the parties and the representations made on the record during the April 20 conference, and for the reasons discussed below, the court finds that there is currently no basis to question Ferrell's competency to stand trial nor to require a competency evaluation or additional hearing.

As an initial matter, the court notes the importance of resolving any doubts about a defendant's competency to stand trial.  "Mental competence is the key to a criminal defendant's ability to unlock the value of his constitutional trial rights."  *United States v. Alhindi*, 97 F.4th 814, 816 (11th Cir. 2024), *cert. denied*, 145 S. Ct. 1100 (2025).  A defendant who is incompetent cannot "cannot take advantage of 'the right to effective assistance of counsel, the rights to summon, to confront, and to cross-examine witnesses, and the right to testify on one's own behalf or to remain silent without penalty for doing so.'"  *Id*. (quoting *Riggins v. Nevada*, 504 U.S. 127, 139–40 (1992) (Kennedy, J., concurring).

When assessing a potential competency issue, the court is guided by the relevant statute, which states that, "if there is reasonable cause to believe" that a defendant may currently be mentally incompetent to stand trial, a court shall, upon motion of a party or sua sponte, order a hearing to determine the mental

2

competency of the defendant.  18 U.S.C. § 4241(a).  Prior to the hearing, the court may order an evaluation of the defendant.  *Id.* § 4241(b).  The statute further instructs that:

> "If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General."

*Id*. § 4241(d).  The Attorney General must then "hospitalize the defendant for treatment."  *Id*. § 4241(d)(1).

The court ordered the parties to file, prior to the conference, reports on how, if at all, the court should proceed on the issue of competency.  *See* April 8, 2026 Order (Doc. 27).  Both parties filed reports indicating that they did *not* have reasonable cause to believe that Ferrell is incompetent at this time.  *See* Govt. Report

3

(Doc. 40); Ferrell Report (Doc. 43).  Ferrell's counsel noted in his report that Ferrell takes psychotropic medication and is properly receiving it in the facility where he is currently detained.  Ferrell also filed a notice of his intent to raise an insanity defense ahead of the conference.  *See* Notice of Insanity Defense (Doc. 37).

At the April 20 status conference, counsel for the defense and the government again agreed that there is currently no basis to question Ferrell's competency to stand trial.  Defense counsel further represented that Ferrell had discontinued the use of medication around the time of the alleged offense but noted, again, that he is now properly medicated.  Therefore, although defense counsel has concerns regarding Ferrell's sanity at the time of the offense, he has no concerns regarding Ferrell's current ability to assist properly in his

4

defense or to understand the nature and consequences of the proceedings.*

In light of the above, the court concludes that there is no reasonable cause to believe that Ferrell is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  However, the court will remain "alert to [any] circumstances suggesting" a change in Ferrell's competency to stand trial.  *Drope v. Missouri*, 420 U.S. 162, 181 (1975).

Accordingly, it is ORDERED and DECLARED that there is, currently, no reasonable cause to believe that

---

* The court further notes that at its direction Ferrell was recently placed on suicide watch by the U.S. Marshal Service as a protective measure after the court became aware of concerning notes Ferrell allegedly wrote around the time of the offense.  Defense counsel informed the court that Ferrell has since been taken off of suicide watch and does not, in defense counsel's view, currently present a danger to himself.

defendant Mickey Paul Ferrell is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, so as to warrant competency proceedings.

DONE, this the 22nd day of April, 2026.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**

6